**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

P.F., et al.,

Plaintiffs,

v.

Educational Options Foundation,

Defendant.

No. CV-26-07893-PHX-MTL

**ORDER**

Before the Court is Plaintiffs' *Ex Parte* Motion to Amend/Correct Names via Pseudonym (Doc. 5). For the reasons below, Plaintiffs' Motion is granted subject to reconsideration when Defendant appears in this action.

Plaintiffs P.F. (a student), C.F. (her mother), and J.F. (her father) initiated this action against Defendant Educational Options Foundation on October 25, 2026. The Complaint seeks judicial review of an administrative decision under the Individuals with Disabilities Education Act. This case concerns P.F.'s disability, eligibility for special education, individualized education program, and other disability-related educational concerns while she was a minor.

In the Complaint, all three Plaintiffs proceeded pseudonymously. In the Motion, Plaintiff P.F. now seeks leave from the Court to proceed as such. Plaintiffs C.F. and J.F., however, have elected to identify themselves by their full legal names going forward. Defendant has not yet appeared and thus has not responded to the Motion.

"The normal presumption in litigation is that parties must use their real names." *Doe*

*v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). Parties may proceed pseudonymously only "in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (citation modified). "Because there is a presumption that parties' identities are public information, anonymity is only proper under 'special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity.'" *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1144 (N.D. Cal. 2016) (quoting *Advanced Textile*, 214 F.3d at 1068).

One such special circumstance is where a plaintiff seeks to "preserve privacy in a matter of sensitive and highly personal nature." *Advanced Textile*, 214 F.3d at 1068. Here, P.F. seeks to proceed under a pseudonym because she wishes to avoid unnecessary public association of her full legal name with these disability-related educational matters. Moreover, she explains that Defendant is unlikely to be prejudiced because it participated in the proceedings below and knows her identity. Lastly, she argues that the public's interest in public disclosure of party identities is minimal here because P.F.'s identity is unlikely to affect the substance of the dispute, the parties' arguments, or the public's ability to scrutinize the Court's reasoning.

At this stage, the Court agrees with Plaintiffs and will permit Plaintiff P.F. to proceed under that pseudonym. The Court, however, notes that its decision is subject to reconsideration once Defendant has been served and appears.

**IT IS THEREFORE ORDERED granting** Plaintiffs' Motion to Amend/Correct Names via Pseudonym (Doc 5).

**IT IS FURTHER ORDERED** that Plaintiff P.F. may proceed under her initials, "P.F.," in the caption, pleadings, motions, and other publicly filed documents in this action, subject to reconsideration when Defendant appears in this action.

. . . .

. . . .

**IT IS FURTHER ORDERED** that Plaintiffs C.F. and J.F. shall be identified by their full legal names in the caption, pleadings, motions, and other publicly filed documents.

**IT IS FURTHER ORDERED** that Plaintiffs must file a corrected Complaint identifying P.F. by her initials and identifying C.F. and J.F. by their full legal names, consistent with this Court's Orders and applicable Federal and Local Rules, no later than **October 30, 2026**.

**IT IS FINALLY ORDERED** that this Order does not prohibit disclosure of P.F.'s identity to Defendant or the Court as necessary for litigating this action, nor does this Order otherwise alter the parties' obligations under applicable discovery, filing, or confidentiality rules.

Dated this 29th day of October, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge